UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL FIERRO, et al.,

                                  Plaintiff(s),            **ORDER**
                                                                   CV 06-5189 (JFB) (WDW)
       -against-

THOMAS GALLUCCI, et al.,

                                  Defendant(s).
----------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court are a series of letter motions concerning discovery that can be summarized as follows: Plaintiffs *pro se* submitted a letter motion dated January 12, 2009 seeking various relief, including an order compelling the individual defendants to produce their tax returns. DE [51]. Defendants submitted a response that addressed, and seemingly resolved, most of plaintiffs' issues, and cross-moved for a protective order as to the tax returns. DE [52]. In light of defendants' representations in their response, plaintiffs submitted an "updated" letter motion concerning alleged continuing deficiencies in defendants' production. DE [53]. Defendants' response to plaintiffs' second letter again addressed, and seemingly resolved, most of the issues. DE [54].

      On March 4, 2009, the court received a consent motion for an extension of discovery deadlines. DE [55]. In that letter, counsel states that the parties "have resolved a number of discovery issues without burdening the Court, with the sole exception being the letter motion on the issue of discoverability of the individual tax returns of the defendants." Upon review of all the letters, and in light of the representation made in the most recent application, the court will now address the remaining issue of the tax returns, and deems the balance of the plaintiffs'

motions to be moot.

"Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Carmody v. Village of Rockville Centre,* 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007)(quoting *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). In order to prevail on a motion to compel tax returns, the movant must satisfy a two prong test: "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." *Sadofsky v. Fiesta Products, LLC.,* 252 F.R.D. 143, 149 (E.D.N.Y. 2008)(citations omitted); *see also Carmody,* 2007 WL 2043807, at *2 (noting that the "modern trend appears to require the party seeking discovery to demonstrate both relevancy and a compelling need").

Plaintiffs argue that the individual tax returns are relevant since this is an action for fraud and they seek punitive damages from those defendants. They argue, without any citation to case law, that they need to know defendants' income so that a damage award "is appropriately 'punitive' to have an adequate deterrent effect." Pl's ltr at 2, DE [51].[1] As a threshhold matter, the court notes that there may be an issue as to whether punitive damages will be available to plaintiffs on their fraud cause of action.[2] This issue need not be resolved, however, as pretrial

---

[1] Defendants note, accurately, that plaintiffs "cite[] to no controlling case law whatsoever" entitling them to production of the tax returns. Ironically, defendants then request a protective order, also without citation to any case law.

[2] Under New York law, "a defendant liable for common law fraud faces punitive damages only when the claimant alleges 'conduct which is 'aimed at the public generally,' involves a 'fraud evincing a high degree of moral turpitude' and demonstrates 'such wanton dishonesty as to

2

discovery of financial information may be appropriate "even in the absence of a showing that punitive damages are warranted." *Open Housing Ctr, Inc. v. Kings Highway Realty,* 1993 U.S. Dist. LEXIS 15927, at *8 (E.D.N.Y. Nov. 8, 1993)(citing *Tillery v. Lynn,* 607 F. Supp. 399 (S.D.N.Y. 1985)). Assuming for purposes of this motion that plaintiffs have a valid claim for punitive damages, defendants' financial information is relevant to that claim. *See, e.g., Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1119 (2d Cir. 1986)(stating that "[i]n determining the amount and effectiveness of exemplary damages to be awarded against a defendant, the court may take into consideration the defendant's wealth or net worth").

Plaintiffs must also establish, however, the second prong of the test – that they have a compelling need for defendants' tax returns because the information is not readily obtainable from a less intrusive source. The court finds that they have failed to do so. Plaintiffs must show "that the information sought is not available from an alternative source." *Sadofsky,* 252 F.R.D. at 150 (citations omitted). Here, there is no representation from plaintiffs that they have attempted to retrieve the information sought from defendants through discovery of other documentary evidence such as financial records, or "through the use of any other, less intrusive, discovery device." *Carmody,* 2007 WL 2042807, at *3. Furthermore, deposition testimony from defendants "should suffice to provide an adequate picture of defendants' financial status" for the

---

imply a criminal indifference to civil obligations.'" *CSI Investment Partners II, L.P. v. Cendant Corp.,* 507 F. Supp. 2d 384, 427 (S.D.N.Y. 2007)(quoting *Manning v. Utilities Mut. Ins. Co.,* 254 F.3d 387, 400 (2d Cir. 2001)). There seems to be dispute as to whether a plaintiff must establish "public harm" for a cause of action for fraud in the inducement. *Compare Merrill Lynch & Co. v. Allegheny Energy Inc.,* 382 F. Supp. 2d 411, 423 (S.D.N.Y. 2003)(holding that punitive damages are not available for a fraudulent inducement claim) *with AXA Versicherung AG v. New Hampshire Ins. Co.,* 2007 WL 2142302, at *2 (S.D.N.Y. July 23, 2007)(noting that it is "doubtful" that the public harm requirement applies to a claim for fraudulent inducement).

purpose of a supporting a punitive damages claim. *Sabatelli v. Allied Interstate, Inc.,* 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006). Finally, "defendants can swear to an affidavit declaring their respective net worth." *Id.* (citing *Collens v. City of New York,* 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (finding use of an affidavit a "more efficient and less intrusive means for obtaining financial information" to support a punitive damages claim)).

For the above reasons, plaintiffs' motions [51] and [53] are denied, and defendants' cross-motion for a protective order is granted. The joint motion for an extension of deadlines [55] is granted as follows: all discovery shall be completed by April 6, 2009; and the date for taking the first step in dispositive motion practice is extended to April 20, 2009. The pretrial conference scheduled for April 2, 2009 is adjourned to May 7, 2009 at 10:30 a.m.

Dated: Central Islip, New York
      March 9, 2009

**SO ORDERED:**

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge